FILED '09 OCT 14 08:15 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW B. PRICE                             Civ. No. 07-6361-HO

        Plaintiff,                        ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Pursuant to 42 U.S.C. § 1383(c)(3) plaintiff seeks review of the Commissioner's November 15, 2007 denial of plaintiff's request for review of the May 25, 2007, Administrative Law Judge's decision that plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act and therefore not entitled to Supplemental Security Income disability (SSI) benefits.

## Discussion

The ALJ used the required five-step sequential framework to determine whether plaintiff was disabled. The material facts and procedural history of the case are briefed and not in controversy

so are not repeated here.

Plaintiff contends that the administrative law judge (ALJ)erred in his step five analysis and conclusion. Plaintiff asserts that the ALJ's decision was: (1) not supported by substantial evidence in that the jobs found by the vocational witness were not consistent with either the ALJ's residual functional capacity (RFC)findings and/or the Dictionary of Occupational Titles (DOT); (2) in error because the ALJ did not accord appropriate weight to medical evidence such as Dr. Cochrane's findings; and (3) in error in the ALJ's determination that plaintiff and his mother were not credible.

## I. The ALJ's decision was supported by substantial evidence.

While plaintiff asserts that the ALJ's decision was not based on substantial evidence, he does not contend that the ALJ erred by articulating findings inconsistent with plaintiff's RFC but rather his contention appears to largely hinge on the vocational expert's testimonial misstatement of the final assembler job identification number found in the Dictionary of Occupational Titles (DOT). The record shows that the VE cited 613.687-018 (Tr 333), instead of the correct 713.687-018 final assembler number. (1991 WL 679271)).

The transcript reveals that the ALJ decided that plaintiff was "capable of making a successful adjustment to other work that existed in significant numbers . . ." (Tr. 19), relying on the VE's testimony that 756 final assembler jobs existed in Oregon

for a person with plaintiff's specifically detailed limitations which, included plaintiff's RFC (Tr. 331-33). The VE's misstatement of the DOT identification numbering for "final assembler" went unnoticed by all (including plaintiff's counsel), at the time of the hearing. Thus the ALJ did not specifically reconcile the conflict between the VE's testimony and the DOT numbering.

However, I find this error harmless given that the record shows that the ALJ carefully considered plaintiff's age, education and work experience along with plaintiff's specifically limited RFC in making his decision. (Tr. 15-18; 331-32). The VE gave "persuasive testimony of available job categories in the local rather than the national market, and testimony matching the specific requirements of a designated occupation with the *specific abilities and limitations* of the claimant." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007)(emphasis added)(holding an ALJ may rely on expert testimony which contradicts the Dictionary of Occupational Titles, but only insofar as the record contains persuasive evidence to support the deviation). Additionally, the ALJ pursuant to SSR 00-4p, concluded by ascertaining that the VE's testimony was consistent with the DOT information(Tr. 343).

Plaintiff does not argue that his RFC precludes work as a final assembler nor would the record support such an argument. Therefore the VE's testimony left no substantive "unresolved

potential inconsistenc[ies] in the evidence." *Massachi* 486 F3d at 1153 (citing *Johnson v. Shalala*, 60 F3d 1428, 1435 (9th Cir. 1995).

    II.  <u>The ALJ properly evaluated the medical evidence</u>.

Plaintiff next argues that the ALJ erred in failing to properly credit Dr. Cochran's opinion because the ALJ did not accept Dr Cochran's Global Assessment of Functioning (GAF) score of 50. (Tr. 17-18).

Global Assessment of Functioning (GAF) is a scale that considers "a claimant's psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." *Diagnostic and Statistical Manual of Mental Disorders*, 4th Ed. 2000 ("DSM-IV"), at 34. The Commissioner has determined that the GAF score "does not have a direct correlation to the severity requirements in the Social Security Administration's mental disorder listings. (65 Fed. Reg. 50,756; 50,765 (Aug 21, 2000)). This means that an ALJ's failure to address or rely on specific GAF scores does not constitute legal error where the ALJ's assessment of a plaintiff's RFC accounts for the plaintiff's impairments, and is otherwise supported by the record. *McFarland v. Astrue,* 2008 WL 2875315 at *1,(9th Cir Jul 2008).

Here, the ALJ considered plaintiff's entire record when he not only discredited Dr. Cochran's GAf scoring for plaintiff but also Dr. Scott's identical GAF score. (Tr. 15-16). In not

accepting the two low GAF scores as consistent with plaintiff's functioning, the ALJ clearly noted that he accepted Dr Scott's opinions regarding plaintiff's learning disability and cognitive limitations as well as Dr. Cochran's diagnoses of dysthmic disorder, reading disorder, mathematics disorder, disorder of written expression, cannabis abuse, personality disorder NOS with schizoid and antisocial features and borderline intelligence in determining plaintiff's RFC. (Tr. 15, 17-18). The ALJ also gave specific reasons for rejecting the mental residual functional capacity form that Dr. Cochran used (and which was drafted by claimant's attorney), to reach his GAf score for plaintiff, stating he found that it "all but guarantee[s] a finding of disability." (Tr. 17).

An ALJ may properly discount medical opinions based on discrepancies between the opinion and the physician's notes. *Bayliss v. Barnhart,* 427 F3d 1211, 1216 (9th Cir. 2005)(rejecting doctor's opinion that contradicted the doctor's treatment notes and other recorded observations and opinions regarding plaintiff's capabilities). Here. the ALJ's summary properly and specifically details the evidence upon which he relied (including Dr. Cochran and plaintiff's other treating and examining medical experts' findings and conclusions), which contradicted the two low GAF scores, when he calculated plaintiff's RFC assessment and determined that plaintiff was not disabled.

III. <u>The ALJ properly considered plaintiff and plaintiff's mother's testimony, only discounting their testimonial inconsistencies with the record.</u>

Where, the plaintiff produces objective medical evidence of an impairment reasonably expected to produce symptoms, and there is no evidence of malingering, the ALJ may find the plaintiff not credible by providing specific, clear and convincing reasons supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996).

Here the ALJ does not find plaintiff was malingering or not generally credible rather he found that "to the extent that claimant and his mother allege greater limitations [than those contained in the record], these allegations are not credible." (Tr. 18). The ALJ explains his reasoning as based for example, on the discrepancy between plaintiff and his mother's testimony about the amount of time plaintiff spent in bed playing video games and the record regarding plaintiff's activities which included going to friends' houses, biking and walking. (Tr. 18; see also, Tr. 189, 194, 200, 224-25, 234, 244, 259, 288 and 292). The ALJ further noted that all of plaintiff's doctors had released him to at least the range of sedentary work reflected in plaintiff's RFC more than a year prior to the hearing. (Tr. 18; 316-17).

In other words, the ALJ did not dispute plaintiff's stated lack of physical activity but rather noted that it was not a reflection of any reported medical limitation ordered by his health care providers. (*Id.*). Thus, the ALJ cited valid,

germane, and legitimate reasons supported in the record for discounting plaintiff's and his mother's claims to the extent that they exceeded those supported in the record.

For the reasons detailed above I therefore find the ALJ's decision that plaintiff was not disabled to be supported by substantial evidence in the record.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this 13th day of October, 2009.

Michael R. Hogan
United States District Judge